**UNITED STATES of America**

v.

**Ross Allen DOHERTY.**

No. 2:95–CR–06.

United States District Court,
W.D. Michigan,
Northern Division.

Aug. 3, 1995.

Court on a charge that defendant had violated Section 1.204(b)(i) and (ii) of the tribal code. It was charged that defendant, being a caregiver and member of the victim's household, engaged in forcible rape of the victim who is 13 years of age. It was alleged that defendant was in a position of authority over the victim and used his authority to coerce the victim to submit to the rape. Defendant was taken into custody by the tribal police pursuant to the arrest warrant.

The next day, February 9, defendant appeared in the Hannahville Indian Community Tribal Court before a tribal judge. Defendant was informed of the charge against him and that he had the right under 25 U.S.C. § 1302(6) to have the assistance of legal counsel at his own expense. When asked if he wanted to be represented by counsel, defendant replied that he did want counsel and his mother was trying to contact a lawyer on his behalf.

Indian tribal courts have jurisdiction over crimes committed in Indian country by tribe members and other Indians. However, there are certain major criminal offenses enumerated in 18 U.S.C. § 1153 which also come within the concurrent jurisdiction of the United States courts even though they may fall within the crimes contained in tribal codes and can be prosecuted in tribal courts. The conduct alleged against defendant involves sexual abuse of a minor in Indian country which is a federal crime. 18 U.S.C. § 1153(a); 18 U.S.C. §§ 2241–2244. Thus, Special Agent David Kleinpaste of the Federal Bureau of Investigation ("FBI") was contacted and he began an investigation.

Kleinpaste, accompanied by Investigator Levi Carrick of the United States Bureau of Indian Affairs, interviewed defendant at the Hannahville Indian Community police station on February 9. Defendant was in tribal custody at the time. Kleinpaste advised defendant of his rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), including his right to legal counsel. Defendant did not request a lawyer and proceeded to answer questions. He made incriminating statements. At the conclusion of the interview, defendant signed a written statement where-

Michael H. Dettmer, United States Attorney, Judd R. Spray, Assistant U.S. Attorney, Marquette, MI, for U.S.

Paul L. Mitchell, Grand Rapids, MI, for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge, Presiding by Special Designation.

The matter before the Court is a motion by defendant for rehearing and reconsideration of his motion to suppress incriminating statements he gave to federal law enforcement officers. After reviewing the record and the applicable law, the Court concludes that the motion to reconsider is without merit and will be denied.

### I. Facts

The essential facts are not in dispute. On February 8, 1995, the Hannahville Indian Community Police Department in Menominee County, Michigan, began an investigation of allegations that defendant had sexually abused a thirteen year old Indian child. A warrant was issued for the defendant's arrest by the Hannahville Indian Community Tribal

in he confessed and admitted having sexual relations with the child.

Defendant was subsequently indicted by a federal grand jury. Count 1 of the superseding indictment charges that he violated 18 U.S.C. §§ 1153(a) and 2241(c) by knowingly engaging in or attempting to engage in a sexual act with an Indian child who was 11 years of age. Counts 2 and 3 charge that defendant violated 18 U.S.C. §§ 1153(a) and 2243(a) by engaging or attempting to engage in a sexual act with an Indian child who was 13 years of age and more than four years younger than the defendant.

Defendant contends that his incriminating statements to FBI agent Kleinpaste should be suppressed from evidence at his trial in federal district court. Defendant argues that he invoked his right to counsel under the Sixth Amendment of the United States Constitution when he first appeared in the Indian tribal court and federal law enforcement officials were thereafter prohibited from interrogating him without the presence of counsel citing *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), and *Michigan v. Jackson,* 475 U.S. 625, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986).

## II. *Analysis*

■ The defendant's effort to rely on his Sixth Amendment right to counsel fails for two reasons. First, the Sixth Amendment is not applicable to Indian tribal proceedings. *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 56–57, 98 S.Ct. 1670, 1675–76, 56 L.Ed.2d 106 (1978); *Talton v. Mayes,* 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896). The Indian Civil Rights Act, 25 U.S.C. § 1302, creates a body of substantive rights for Indians patterned or modeled in part on the Bill of Rights to protect individual Indians from the excesses of tribal authority. However, § 1302 is not coextensive with the Sixth Amendment of the United States Constitution. *Santa Clara Pueblo,* 436 U.S. at 57, 98 S.Ct. at 1676; *Wounded Head v. Tribal Council of Oglala Sioux Tribe of Pine Ridge Reservation,* 507 F.2d 1079, 1082 (8th Cir.1975); *Groundhog v. Keeler,* 442 F.2d 674, 682 (10th Cir.1971); *Stands Over Bull v. Bureau of Indian Affairs,* 442 F.Supp. 360,

367 (D.Mont.1977), *appeal dismissed,* 578 F.2d 799 (9th Cir.1978). When defendant Doherty appeared before the tribal court to be arraigned on the charge of violating the tribal code, he did not invoke his right to counsel under the Sixth Amendment. There is no Sixth Amendment right to counsel in Indian tribal proceedings. Instead, he was merely invoking his statutory right to counsel as provided in § 1302(6).

■ Second, with regard to the federal investigation conducted by Kleinpaste, the defendant's Sixth Amendment right to counsel did not attach to the initial custodial FBI interrogation. The Sixth Amendment right to counsel did not arise and could not have been invoked by defendant until the United States initiated the adversary judicial criminal proceeding against him by virtue of the federal grand jury indictment which was returned on February 28, 1995. *McNeil v. Wisconsin,* 501 U.S. 171, 175, 111 S.Ct. 2204, 2207, 115 L.Ed.2d 158 (1991). Before criminal proceedings are initiated, a suspect in a criminal investigation has no Sixth Amendment constitutional right to the assistance of counsel. *Davis v. United States,* —— U.S. ——, ——, 114 S.Ct. 2350, 2354, 129 L.Ed.2d 362, 370 (1994).

In *Michigan v. Jackson,* 475 U.S. at 629–30, 106 S.Ct. at 1407–08, the Supreme Court recognized that the Sixth Amendment guarantee of the assistance of counsel applies to post-arraignment interrogations because an arraignment signals the initiation of adversary judicial proceedings and the attachment of the Sixth Amendment. However, the instant case is unusual in that the Sixth Amendment does not apply to Indian tribal proceedings. The "arraignment" of defendant in tribal court on the separate charge of violating the tribal code is not tantamount to the initiation of adversary judicial criminal proceedings that trigger the defendant's Sixth Amendment right to counsel.

The subsequent custodial interrogation of defendant by the FBI did not violate his rights under the Sixth Amendment. Prior to the time the FBI interviewed defendant on February 9 and obtained his statement, defendant had not invoked his right to counsel

under the Sixth Amendment. Consequently, there was no Sixth Amendment violation when the FBI interviewed defendant at the tribal police station.

█ We turn now to the next question whether the defendant has been deprived of his right to counsel under the Fifth Amendment. In *Miranda,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, the Supreme Court established certain prophylactic rights designed to counteract the pressures of custodial interrogation. *Miranda* holds *inter alia* that a suspect to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and the police are required to explain this right to the suspect before questioning begins. The right to counsel established in *Miranda* is not itself a right protected by the Constitution. Instead, it is one of the procedural safeguards designed to insure that the Fifth Amendment right against compulsory self-incrimination is protected. *Davis,* —— U.S. at ——, 114 S.Ct. at 2354, 129 L.Ed.2d at 370; *Michigan v. Tucker,* 417 U.S. 433, 443–44, 94 S.Ct. 2357, 2363–64, 41 L.Ed.2d 182 (1974).

█ The *Miranda* right to counsel can be waived, provided the government establishes the suspect knowingly, intelligently waived his privilege against self-incrimination and his right to counsel. *Miranda,* 384 U.S. at 475, 86 S.Ct. at 1628; *see also Davis,* —— U.S. at ——, 114 S.Ct. at 2354, 129 L.Ed.2d at 370; *McNeil,* 501 U.S. at 176, 111 S.Ct. at 2208. Once a suspect asserts his right to counsel, the custodial interrogation must cease and the suspect may not be approached for further questioning until counsel has been made available to him. *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); *Edwards,* 451 U.S. at 484–85, 101 S.Ct. at 1884–85. If the police subsequently initiate further questioning or interrogation of the suspect in the absence of counsel while the suspect is still in custody, the suspect's statements are presumed to be involuntary and are not admissible as substantive evidence at trial. This is true even where the suspect executes a waiver and his statements would be considered voluntary under traditional standards. The purpose of the rule is to "prevent the police from badgering a defendant into waiving his previously asserted *Miranda* rights." *Michigan v. Harvey,* 494 U.S. 344, 350, 110 S.Ct. 1176, 1180, 108 L.Ed.2d 293 (1990); *see also McNeil,* 501 U.S. at 177, 111 S.Ct. at 2208. The prohibition against further police questioning, like other aspects of *Miranda,* is not itself required by the Fifth Amendment right against coerced confessions but instead is justified only by reference to its prophylactic purpose. *Davis,* —— U.S. at ——, 114 S.Ct. at 2355; *Connecticut v. Barrett,* 479 U.S. 523, 528, 107 S.Ct. 828, 832, 93 L.Ed.2d 920 (1987).

█ In order to assert or invoke his right to counsel under *Miranda,* a suspect is required at a minimum to make some statement that can reasonably be construed by an objective police officer to be an expression of his desire for the assistance of counsel in dealing with the custodial interrogation. *Davis,* —— U.S. at ——, 114 S.Ct. at 2355, 129 L.Ed.2d at 371; *McNeil,* 501 U.S. at 178, 111 S.Ct. at 2208. The record in the instant case shows that at no time did defendant Doherty request the assistance of counsel with regard to his custodial interrogation by law enforcement authorities. On the contrary, the Court finds that FBI agent Kleinpaste fully advised defendant of his *Miranda* rights and defendant knowingly, intelligently and voluntarily waived his right to counsel before giving a statement to the FBI.

The Court concludes it is immaterial that defendant told the tribal judge that his mother was attempting to find a lawyer to represent him before the tribal court. The Fifth Amendment is not applicable to Indian tribal court proceedings. *Santa Clara Pueblo,* 436 U.S. at 56–57, 98 S.Ct. at 1675–76; *Groundhog,* 442 F.2d at 682; *Stands Over Bull,* 442 F.Supp. at 367. Therefore, defendant could not and did not assert any Fifth Amendment rights or corresponding right to counsel arising under the *Miranda* decision during his arrest by the tribal police and appearance before the tribal judge. Although 25 U.S.C. § 1302(4) provides that no Indian tribe in exercising powers of self-government shall compel any person in a criminal case to be a witness against himself, this right of Indians against self-incrimination springs from the statute and not from the Fifth Amendment of the United States Constitution which applies

only to the States and to the federal government. Moreover, a request for counsel or the defendant's statement of his intention to be represented by retained counsel in the tribal court proceedings is not the equivalent of requesting counsel during custodial interrogation by the FBI. *McNeil,* 501 U.S. at 178–79, 111 S.Ct. at 2209–10.

There is no probative evidence in the record that at the time of the FBI interview, Kleinpaste knew defendant had stated in tribal court that he desired or intended to employ counsel to represent him with regard to the tribal court proceedings. Defendant argues that the tribal authorities' knowledge about his desire to have the assistance of counsel should be imputed to Kleinpaste and the FBI. *Arizona v. Roberson,* 486 U.S. at 688, 108 S.Ct. at 2101; *Michigan v. Jackson,* 475 U.S. at 641, 106 S.Ct. at 1413. However, it is not necessary to reach the question of imputed knowledge in light of the Court's determination that the Fifth and Sixth Amendments are not applicable to tribal court proceedings and defendant never asserted or invoked his constitutional right to counsel under either the Sixth Amendment or the Fifth Amendment and *Miranda* prior to his custodial interrogation by Kleinpaste.

Accordingly, it is hereby **ORDERED** that the defendant's motion to reconsider his motion to suppress is **DENIED**.